105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William ASHTON, et al. Russell Aiken, et al. Larry Anthony,
et al. Plaintiffs-Appellants,
v.
CITY OF MEMPHIS, et al., Defendants-Appellees.
 No. 95-6628, 95-6629, 96-5143.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1996.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 89-02863; Odell Horton, District Judge.
 W.D.Tenn.
 APPLICATIONS GRANTED IN PART, DENIED IN PART.
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these consolidated cases three groups of white Memphis Police Officers appeal the district court's denial of their motions for preliminary injunction to (1) enjoin the Memphis Police Department ("the Department") from conducting a promotional process to the ranks of sergeant, lieutenant, and major, and (2) mandate that certain of the Plaintiffs be allowed to participate in the promotional process to the level of lieutenant and major.[1] For the reasons stated below, we VACATE the district court's orders denying Plaintiffs' applications for preliminary injunction, and GRANT in part and DENY in part Plaintiffs' applications.
 
 
 2
 This Court reviews a challenge to the grant or denial of a preliminary injunction under the abuse of discretion standard and accords great deference to the decision of the district court. Dayton Area Visually Impaired Persons v. Fisher, 70 F.3d 1474, 1480 (6th Cir.1995) (citing Washington v. Reno, 35 F.3d 1093, 1098 (6th Cir.1994)). The district court's decision on the preliminary injunction "will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991).
 
 
 3
 In determining whether a preliminary injunction should be granted, the district court must consider four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. Id. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together. In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir.1985).
 
 
 4
 Both sides can make compelling arguments to support their positions. Factors one and two favor Plaintiffs. First, an en banc panel of this Court vacated the district court's grant of summary judgment for Defendants and remanded for an evidentiary hearing to determine whether the affirmative action provisions satisfy strict scrutiny analysis. Second, many of the officers bringing suit may be irreparably harmed if the Department conducts another round of promotions under the affirmative action standards originally enumerated in consent decrees over twenty years ago. There is every reason to believe that all of the positions will be filled by the time the district court gets around to holdingntiffs to wait for another round of promotions before they could be elevated in rank.
 
 
 5
 The third factor militates against granting the preliminary injunction. Non-Plaintiff police officers awaiting promotion clearly would be harmed by the granting of the stay, as they would have to wait longer for their promotions and raises. Furthermore, it is possible that an injunction prohibiting promotions would damage the morale of the police force.
 
 
 6
 The fourth factor cuts both ways. On the one hand, the public has a strong interest in promoting equality on the police force and in maintaining a police force capable of ensuring public safety. Therefore, the public interest would be served by granting the stay and halting promotions if the affirmative action provisions of the promotional process are found to fail strict scrutiny analysis. On the other hand, if the affirmative action provisions are found to be constitutional, the public interest would be served by denying the stay and proceeding promptly with these promotions to assure a full complement of officers in place to provide public safety.
 
 
 7
 On balance, we find that the four-part analysis requires the granting of a partial injunction. Therefore, this Court concludes that the district court abused its discretion in completely rejecting Plaintiffs' applications for preliminary injunction. We will grant partial relief, authorizing the Department to go forward with its selections for vacancies, but requiring it to leave a percentage of the positions vacant until the district court has reached a decision on the underlying case. In particular, the Department shall fill no more than 75% of the vacancies for sergeant, 85% of the vacancies for lieutenant, and 90% of the vacancies for major. Furthermore, the district court shall conduct by June 15, 1997, the evidentiary hearing necessitated by our decision in Aiken v. City of Memphis, 37 F.3d 1155 (6th Cir.1994) (en banc), and issue a resolution of those issues by July 15, 1997. If the district court is unable to meet these deadlines, it must notify the Clerk of this Court in writing of the reasons for its failure to meet this deadline.
 
 
 8
 In accordance with the above, we VACATE the district court's order, and GRANT in part and DENY in part Plaintiffs' applications in Ashton and Aiken. In Anthony, as well, we VACATE the district court's denial of Plaintiffs' application for a preliminary injunction, and GRANT in part and DENY in part Plaintiffs' application.
 
 
 
 [1]
 After the district court denied their motions for preliminary injunction, the Ashton and Aiken Plaintiffs filed emergency applications for preliminary injunction pending appeal, which this Court granted in part and denied in part by order dated January 12, 1996. Anthony has not been before this Court previously